IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00694-REB-BNB

THE WEITZ COMPANY, LLC,

Plaintiff,

v.

OHIO CASUALTY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY, and
WESTERN HERITAGE INSURANCE COMPANY,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Motion to Disqualify Counsel for Plaintiff** [Doc. # 29, filed 5/20/2011] (the "Motion to Disqualify") by defendants Ohio Casualty Insurance Company ("Ohio Casualty") and Mountain States Mutual Casualty Company ("Mountain States"). The Motion to Disqualify is DENIED.

This is an insurance coverage action arising out of an underlying suit in Colorado state court (the "Underlying Action"). In the Underlying Action, a condominium association is suing The Weitz Company LLC ("Weitz") for construction defects. Weitz has made claims over against certain of its subcontractors who performed the allegedly defective work, including NPW Contracting ("NPW"). NPW is insured by Ohio Casualty and Mountain States, and Weitz is designated as an additional insured under NPW's insurance policies. Consequently, Weitz tendered the Underlying Action to Ohio Casualty and Mountain States for defense and indemnification.

In a letter dated April 8, 2010, Ohio Casualty accepted the tender under a reservation of rights, as follows:

> We have confirmed that an additional insured endorsement does exist for The Weitz Company, LLC and we will agree to participate in their defense for claims arising from NPW Contracting, Inc.'s work.  We are accepting the defense of this claim under a *Reservation of Right* as some of the claims being made against NPW Contracting, Inc. may not be covered.

Ohio Casualty Letter [Doc. # 32-4] at p. 1.  Similarly, on June 22, 2010, Mountain States accepted the tender and reserved its rights, stating:

> Please also be advised that the defense being provided by Mountain States to The Weitz Company, LLC as a purported additional insured is subject to a reservation of rights and that we reserve the right to rely on any of the policy terms set forth above as well as any additional policy terms which may apply.  **Should it be determined that coverage to The Weitz Company is precluded by one of the above-cited exclusions or that coverage pursuant to the policy was never triggered, Mountain States reserves the right to terminate defense of The Weitz Company and seek reimbursement of defense fees and costs paid.**

Mountain States Letter [Doc. # 32-5] at p. 8 (original emphasis).

The parties, at least in part through their counsel, have engaged in discussions concerning the apportionment of attorneys fees and costs to be borne by the various insurers and parties.  Those discussions have been unsuccessful.  Lawyers from the Lottner law firm, which is counsel for Weitz in both this action and the Underlying Action, have been involved in the discussions concerning the tender of the case and the apportionment issue.

Ohio Casualty and Mountain States seek to disqualify lawyers at the Lottner firm from representing Weitz in this action, arguing both that the Lottner firm has a conflict of interest which requires the disqualification of its lawyers and that certain lawyers in the Lottner firm are

2

necessary witnesses.

### 1. Legal Standard

A motion to disqualify counsel is addressed to the sound discretion of the district court. Religious Technology Center v. F.A.C.T. Net, Inc., 945 F. supp 1470, 1473 (D. Colo. 1996). Insofar as is relevant here, this court applies the rules of professional conduct adopted by the Colorado Supreme Court as the standard of professional responsibility for lawyers practicing here. D.C.COLO.LCivR 83.4.

As the moving parties, Ohio Casualty and Mountain States have the burden of establishing grounds requiring the disqualification of the Lottner firm. Religious Tech, 945 F. Supp at 1473. When ruling on a motion to disqualify counsel, I must make specific findings and conclusions, Fullmer v. Harper, 517 F.2d 20, 22 (10th Cir. 1975), but the use of those findings is restricted solely to the motion to disqualify. Religious Tech, 945 F. Supp. at 1473. Motions to disqualify opposing counsel are viewed with suspicion, and I must guard against the possibility that disqualification is sought to "secure a tactical advantage in the proceedings." Id. at 1478.

I held a hearing on the Motion to Disqualify on June 21, 2011, at which time I was prepared to hear testimony and accept evidence. No party called any witnesses, however, or otherwise attempted to introduce evidence. See Weeks v. Independent School Dist. No. I-89, 230 F.3d 1201, 1212 (10th Cir. 2000)(specifying that no evidentiary hearing is necessary in connection with a motion to disqualify where the district court makes specific findings and there is an extensive record sufficient to allow meaningful review).

## 2. Conflict of Interest

Ohio Casualty and Mountain States point to Rule 1.7 of the Colorado Rules of Professional Conduct ("Colo. R. P. C.") as a basis for disqualification. Rule 1.7 states in relevant part:

> (a) Except as provided in paragraph (b) [not here applicable], a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Ohio Casualty and Mountain States argue indirectly and through a citation to a treatise that the Lottner firm "has an attorney-client relationship not only with the insured, but also with the insurance company." Motion to Disqualify [Doc. # 29] at p. 11 (quoting Insurance Claims & Disputes: Representation of Insurance Companies & Insureds, Duty to Defend §4:19). That general statement does not comport with Colorado law, however. Colorado Formal Ethics Opinion 91 (January 16, 1993) states to the contrary:

> A lawyer retained by a liability insurance carrier to defend a claim against the company's insured must represent the insured with undivided fidelity. For purposes of this opinion, that retention does not create an attorney-client relationship between the lawyer and the carrier. . . .
>
> [T]he insured is the client to whom the lawyer's duty of loyalty is owed.

Accord Colorado Formal Ethics Opinion 43 (December 13, 1969)(stating that "[t]he courts have

4

likewise recognized that the insured, and not the insurance company, is the client," (citing

Allstate Ins. Co. v. Keller, 149 N.E.2d 482 (Ill. App. 1958); Fidelity and Casualty Co. of N.Y. v.

McConnaughy, 179 A.2d 177 (Md. 1962)).

Colorado Ethics Opinion 91 states further:

> The nature of the relationship between the attorney and the
> insurance company is less clear.  Some authorities hold there is no
> attorney-client relationship, while others hold that the carrier is a
> client of the attorney along with the insured.  CBA Ethics Opinion
> 43 (December 13, 1969) makes clear that the insured is the client
> to whom the attorney's duty of loyalty is owed.  The Colorado
> courts to date and the Colorado Rules of Professional Conduct
> ("the Rules") have not made clear whether the attorney represents
> both the insured and the carrier, or the insured alone.  This
> Committee has concluded that in the context of this tripartite
> relationship, the better rule is that the lawyer's client is the insured
> and not the carrier.

In Essex Ins. Co. v. Tyler, 309 F. Supp. 2d 1270, 1272 (D. Colo. 2004), a judge of this

court relied on Colorado Ethics Opinion 91 and held that "[i]n Colorado, an attorney retained by

the insurance carrier owes a duty to the insured only; there is no attorney-client relationship

between an insurance carrier and the attorney it hires to represent the insured." Accord State

Farm Fire and Casualty Co. v. Weiss, 194 P.3d 1063, 1066 (Colo. App. 2008)(citing Essex and

stating that "even when an insurance company hires an attorney to represent its insured, the

attorney owes a duty only to the insured"); Rose Medical Center v. State Farm Mutual

Automobile Ins. Co., 903 P.2d 15, 17 (Colo. App. 1994)(citing Ethics Opinion 91 and stating

that "[w]e are cognizant that defense counsel is not counsel to the insurance company").

Applying settled law, I find that the Lottner firm does not have an attorney-client

relationship in this matter with either Ohio Casualty or Mountain States.  Consequently, Rule

1.7(a)(1), Colo. R. P. C., is not applicable.

The argument that the Lottner firm represents Ohio Casualty and Mountain States because it has sent them copies of its billing records, status reports, and litigation budget are both disingenuous and unpersuasive. The argument is disingenuous because no status reports or budgets were sent because Ohio Casualty and Mountain States refused to pay the Lottner firm's invoices or any portion of the invoices. See Motion to Disqualify [Doc. # 29] at p. 6 (stating that Mr. Gentile agreed to send "an initial status report and litigation budget once his firm's invoices were paid"); Response [Doc. # 32] at p. 10 (stating that the Lottner firm "refused to provide to Defendants substantive attorney-client communications which revealed . . . legal advice, strategy and analysis like its status report and budget until defendants paid their share of [the] bills"). The argument is unpersuasive because attorney billing records describing the general nature of services performed do not constitute a confidential communication and are outside of the attorney-client privilege. In re Investment Bankers, Inc., 30 B.R. 883, 885 (Bankr. D. Colo. 1983)(citing United States v. Hodgson, 492 F.2d 1175, 1177 (10th Cir. 1974). In any event, a waiver of the attorney-client privilege, if any, by Weitz in disclosing to the insurance companies it attorneys' billing records is not the same thing as creating an attorney-client relationship between Weitz's lawyers and insurers.

Rule 1.7(a)(2), Colo. R. P. C., requires disqualification if the representation of Weitz "will be materially limited by the lawyer's responsibilities to . . . a former client or a third person. . . ." Ohio Casualty and Mountain States argue, based on this provision, that the Lottner firm cannot act as Weitz's counsel in both the underlying action and this insurance coverage action, quoting the following from Colorado Ethics Opinion 91:

> One area where significant problems may arise is when a lawyer is asked both to render a coverage opinion and to defend an insured

>in the tort case. The lawyer cannot ethically perform both services
>at the same time, since the insured's representation may be
>materially limited by the lawyer's responsibilities to the carrier.

Motion to Disqualify [Doc. # 29] at p. 12 (quoting Colorado Ethics Opinion 91.

Ohio Casualty and Mountain States misconstrue this portion of the Ethics Opinion. Ethics Opinion 91 concerns the situation where an insurance company retains a lawyer to render a coverage opinion to the insurance company and retains the same lawyer to represent the insured in the underlying action. In that case, an attorney-client relationship exists between the insurance company and the lawyer (on the coverage issue) and between the insured and the lawyer (on the underlying action). Under those circumstances, Colorado Ethics Opinion 91 provides:

>If a lawyer is first asked only to analyze coverage and finds that
>there is coverage for some or all of the claims, then after that
>coverage analysis is concluded the lawyer may defend the insured
>at the request of the carrier, provided both the insured and the
>carrier consent after consultation. Once the coverage analysis
>concludes, the carrier becomes a "former client" regarding that
>analysis, and the restrictions of Rule 1.9 apply. In all situations
>where the lawyer first analyzes coverage and later is asked to
>defend the insured, the lawyer must determine that the defense of
>the insured is not "materially limited by the lawyer's
>responsibilities" to the carrier as a result of doing the earlier work
>on coverage.

The situation contemplated by Ethics Opinion 91 is not present here. The Lottner firm did not analyze the coverage issue for or at the request of Ohio Casualty and Mountain States; the Lottner firm acted as Weitz's counsel on the coverage issue.[1] Similarly, the Lottner firm

---

[1]Ohio Casualty and Mountain States recognize this distinction, noting in the Motion to Disqualify that "the Lottner Firm was asked to provide a coverage opinion <u>to Weitz</u>," but then mistakenly concluding that "the same principles apply." Motion to Disqualify [Doc. # 29] at p. 12 (emphasis added). I do not agree. The reasoning underlying this portion of Ethics Opinion

represents only Weitz in the Underlying Action.  The Lottner firm has only one client in this matter--Weitz.  It has never represented Ohio Casualty or Mountain States in any manner in either the Underlying Action or this coverage action.

Ethics Opinion 91 also states that "if the attorney determines that the interests of the insured and the insurer 'will be directly adverse to one another' . . ., the lawyer would be prohibited from representing both the insured and the insurer and should recommend that both retain separate counsel on the coverage issue."  I understand this portion of the Ethics Opinion to be based on the underlying assumption that the lawyer is acting both as coverage counsel for the insurance company and defense counsel for the insured in the underlying action, and on that basis I agree.  It makes no sense under the facts of this case, however, where Weitz first retained the Lottner firm to defend it in the underlying action[2] and later asked Weitz to advise it concerning an insurance coverage issue, to suggest that the Lottner firm necessarily has a conflict of interest requiring its disqualification.  This is particularly true here, where it is undisputed that neither Ohio Casualty nor Mountain States has provided any funding for Weitz's defense in the Underlying Action.  Consequently, in this case the insurance companies do not

---

91 is that the same lawyer has represented both the insurance company (when analyzing coverage) and the insured (in the underlying action, at the request of the insurance company). Those facts are not present here.

[2]Although both Ohio Casualty and Mountain States asserted at the hearing on the Motion to Disqualify that they had retained the Lottner firm to represent Weitz in the Underlying Action, neither letter accepting the tender of defense specifies that selection.  The Mountain States letter is silent on the issue, <u>see</u> Mountain States Letter [Doc. # 32-5], and the Ohio Casualty Letter states to the contrary that "Ohio Casualty reserves the right to retain its own counsel to provide a defense for The Weitz Company, LLC for liability arising out of the work of it's [sic] named insured."  Ohio Casualty Letter [Doc. # 32-4] at p. 3.  Weitz argued in its Response that "[t]here is no tripartite relationship, and thus no conflict, because neither Defendant ever agreed to retain [the Lottner firm] nor have they paid any of [the Lottner firm's] fees.

even "control[] the 'purse string' decisions." Colorado Ethics Opinion 91.

Where, as here, a law firm represents only the insured and not the insurance company, Colorado Ethics Opinion 91 instructs as follows:

> The existence of a coverage question should not be allowed to interfere with the lawyer's duty to exercise independent professional judgment on behalf of the insured. Should a potential coverage issue arise, the attorney owes to the insured, as the client, full advice as to the potential conflict and its ramifications.
> \* \* \*
> The attorney retained by the carrier may not defend the insured and at the same time exploit the attorney-client relationship in order to build a case of non-coverage. Where a declaratory judgment action and the third party claim are pending simultaneously, the interests of the insured must be protected. What action is appropriate, if any, depends on the circumstances of the case.
>
> Whether a coverage question creates a conflict of interest depends on an assessment of the facts of each particular case.

In this case, I find that there is no conflict of interest, and the Lottner firm may continue to represent Weitz in the Underlying Action and act as Weitz's counsel in this coverage action. Weitz is the Lottner firms only client in this matter. The Lottner firm has never represented Ohio Casualty or Mountain States in any manner in this action.

Although Ohio Casualty and Mountain States have accepted the tender to defend, they have done so under a reservation of rights. At the same time, they have refused to pay any attorneys fees or costs associated with Weitz's defense of the Underlying Action. It is a clever ploy. If Ohio Casualty or Mountain States had retained their own counsel to represent Weitz in the underlying action, the insurance companies would have to pay those lawyers or the lawyers would seek to withdraw. Here, however, where Weitz had already retained the Lottner firm to defend it, the insurance companies have purported to accept their duty to defend (under a

reservation of rights) but have totally failed to do what that duty requires--pay for the defense or any portion of the defense.

There is no suggestion that the Lottner firm is defending the Underlying Action in a manner that "exploit[s] the attorney-client relationship in order to build a case of non-coverage."

Finally, because Ohio Casualty and Mountain States have refused to pay any portion of the costs of defense and all of those costs are being advanced by Weitz, there is no basis for arguing that a conflict of interest exists based on the insurance companies' refusal to fund efforts reasonably necessary to protect Weitz's interests in the underlying action.

### 3. Necessary Witnesses

Ohio Casualty and Mountain States also argue that lawyers in the Lottner firm are necessary witnesses at trial. Rule 3.7, Colo. R. P. C., prohibits a lawyer from serving as both advocate and witness, as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony related to an uncontested issue:
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere. World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994). Ohio Casualty and Mountain States have failed to establish that lawyers from the Lottner firm are likely to be necessary witnesses because they have failed to show that the lawyers' testimony is unobtainable

10

elsewhere.

Ohio Casualty and Mountain States argue that testimony from lawyers at the Lottner firm is necessary because:

> Casey, Sears, and Gentile [all lawyers at the Lottner firm] are necessary witnesses at trial based upon their role in the underlying action, upon which the subject suit is based. Casey, Sears, and Gentile are the only fact witnesses who can testify regarding their demands for coverage, their pursuit of coverage, and Mountain States' and Ohio Casualty's response to such demands and pursuit.

Motion to Disqualify [Doc. # 29] at p. 14.

It is clear that there are other fact witnesses who can testify about all of these matters. Primarily, the Lottner firm has identified Holly Streeter-Schaefer, associate counsel for Weitz, as the fact witness for Weitz concerning the underlying action, Weitz's demands for coverage, Weitz's pursuit of coverage, and the insurance companies' responses to those demands. Response [Doc. # 32] at p. 12. In addition, it is apparent that representatives of Ohio Casualty and Mountain States, including their coverage counsel, can also testify about Weitz's demands for and pursuit of coverage and the insurance companies' responses to those demands. Testimony from the lawyers at the Lottner firm is not necessary, can be obtained from other witnesses, and would be wholly cumulative.

Of course, the continued participation of the Lottner firm in this action as trial counsel precludes its later participation as witnesses. Thus, although I find that the Lottner firm lawyers are not necessary witnesses, if there is any possibility that Weitz will call them to testify, they must step aside now as trial counsel.

Ohio Casualty and Mountain States have failed to carry their burden to establish grounds for the disqualification of the Lottner firm. Religious Tech, 945 F. Supp. at 1473.

IT IS ORDERED that the Motion to Disqualify [Doc. # 29] is DENIED.

Dated June 27, 2011.

                                                                                 BY THE COURT:

                                                                                  s/ Boyd N. Boland
                                                                                 United States Magistrate Judge